**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL ORTH, individually and** **on behalf of similarly situated persons,** | ) ) ) | |
| **Plaintiff** | ) ) ) | |
| **v.** | ) ) | **Case No. 1:19-cv-10709-ADB** |
| **J & J & J PIZZA, INC. D/B/A/ DOMINO'S** **PIZZA and CARLOS FERREIRA** | ) ) ) | |
| **Defendants** | ) ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, J & J & J Pizza, Inc. d/b/a Domino's Pizza and Carlos Ferreira

("Defendants"), respectfully request that this Court dismiss Plaintiff's claims under Fed. R. Civ.

P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's First

Amended Complaint for violations of the Fair Labor Standards Act of 1938 ("FLSA") and the

Massachusetts Minimum Wage Law (the "Complaint") lacks the necessary factual allegations to

state a violation. Specifically, the Complaint lacks any factual allegations that Plaintiff, a tipped

employee, received less than minimum wage for any workweek after taking into account his

gross hourly pay and tips. Additionally, Plaintiff attempts but fails to show a violation of the

FLSA or Massachusetts Minimum Wage Law through several conclusory allegations and

mischaracterizations of current legal standards, stating that Defendants failed to adequately

reimburse drivers for mileage. Because the Complaint fails to state any claim upon which relief

can be granted, it should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

1

# FACTUAL BACKGROUND[1]

Defendants J & J & J Pizza, Inc. d/b/a Domino's Pizza, a limited liability company, and

Carlos Ferreira  own and operate several Domino's franchise stores. *See* Complaint at ¶¶ 1, 5, 8.

Plaintiff, Michael Orth, is an individual who was employed with the Defendants as a delivery

driver out of the Fall River store for approximately seven months: June 2017 to March 2018.  *Id.*

at ¶ 7. As a delivery driver, Plaintiff delivered food and other food items on behalf of

Defendants. *See id.* at ¶¶ 7, 11. During his employment with Defendants, Plaintiff was paid

$7.00 per hour while out on delivery including a tip credit applicable to the time he performed

deliveries. *Id.* at ¶ 23. Plaintiff, as a delivery driver, was also paid $1.00 per delivery. *Id.* at ¶ 25.

Plaintiff regularly made three or more deliveries per hour and made four or more deliveries per

hour in the summer months. *Id.* at ¶ 27.

At all relevant times, the federal minimum wage was $7.25 per hour and the

Massachusetts minimum wage was $11.00 per hour or $3.75 for service employees/tipped

employees. *Id.* at ¶ 24.

Drivers, including the Plaintiff, employed by Defendants use their own vehicles to make

deliveries. *Id.* at ¶¶ 12, 13.  Drivers are required to safely maintain their vehicles and ensure their

vehicles are insured. *Id.*

## LEGAL ARGUMENT

### I.      Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the Defendants to move to dismiss a

complaint for "failure to state a claim upon which relief can be granted." On a motion to dismiss

based upon Rule 12(b)(6), the Court will dismiss a complaint that fails to allege adequate facts

---

[1] For the purposes of this Motion to Dismiss only, the facts alleged in the Complaint are accepted as true.
Defendants reserve the right to dispute the facts as set forth in the Complaint.

"to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the Court can consider documents attached to or fairly incorporated into the complaint and facts susceptible to judicial notice. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

Dismissal is appropriate where the complaint fails to allege a "plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Twombly*, 550 U.S. at 559). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (internal quotations and citations omitted); *Schatz*, 669 F.3d at 55; *cf. Haag v. United States*, 736 F.3d 66, 69 (1st Cir. 2013). "[T]he complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.*

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557; citation omitted).

The Complaint set forth by the Plaintiff "stops short" of demonstrating plausible entitlement to relief as it fails to allege a violation of the FLSA or the Massachusetts Wage Act and relies on conclusory allegations and misstated legal standards. Therefore, the Complaint fails to state any claim upon which relief can be granted and should be dismissed under Rule 12(b)(6).

3

**II.    Plaintiff's Complaint Stops Short of Plausible Entitlement to Relief As It Fails to Allege Sufficient Facts to Support Violations of Minimum Wage Claims under the FLSA or the Massachusetts Minimum Wage Law.**

**A.    Minimum Wage under FLSA and Massachusetts Minimum Wage Law**

The Fair Labor Standards Act ("FLSA"), enacted in 1938, is the federal legislation that establishes the general minimum wage that must be paid to all covered workers. 29 U.S.C.S. § 206(a).  The FLSA requires employers to pay a prevailing minimum wage and makes failure to do so unlawful. *See* 29 U.S.C. §§ 206(a), 215(a)(2). The statute, however, allows for certain exceptions to the minimum wage rate including the "tip credit," which stipulates that an employer may pay a tipped employee a cash wage as low as $2.13 per hour and count the tips received to make up the difference between the hourly wage paid and the prevailing hourly minimum wage rate. *See id.* § 203(m); 29 C.F.R. § 531.59.[2] "A week [i]s the unit of time that should be used in calculating whether an employee receives the minimum wage." 29 U.S.C. § 206(a). In Massachusetts during the relevant period, the minimum tipped wage was $3.75. *See* Complaint at ¶ 24; M.G.L. ch. 151, §7.

Under the FLSA, "tipped employees" are workers who customarily and regularly receive more than $30 a month in tips. 29 U.S.C.S. § 203(m), (t). In order to qualify as a "tipped employee" in Massachusetts, the worker must customarily and regularly receive more than $20 a month in tips. *See* M.G.L. ch. 151, §7; 455 C.M.R. 2.02(2).

**B.    Plaintiff Fails to Plead Minimum Wage Violation for tipped employees**

In order to adequately plead a claim under the FLSA and the Massachusetts Wage Act, Plaintiff must allege (1) Plaintiff was employed by the Defendants; (2) Plaintiff's work for

---

[2] The Massachusetts Minimum Wage Law provides a tip-credit provision that essentially parallels the FLSA's provision and courts have routinely looked to the FLSA to interpret its Massachusetts counterpart. *See* M.G.L. ch. 151; *Vitali v. Reit Mgmt. & Research, LLC*, 88 Mass. App. Ct. 99, 103 (2015) (citing *Mullally v. Waste Mgmt. of Mass., Inc.*, 452 Mass. 526, 531 (2008), quoting from *Swift v. AutoZone, Inc.*, 441 Mass. 443, 447 (2004)).

Defendants involved interstate activity; and, most importantly, (3) Plaintiff "performed work for which [he was] under-compensated." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). Plaintiff has admitted he is a "tipped" employee, *see* Complaint at ¶ 23, and, therefore, is required to plead facts plausibly demonstrating that his base pay ***and*** tips did not meet or exceed the statutory minimum wage for a pay period. *See* 29 U.S.C. §§203(m)(2)(A); 454 C.M.R. § 27.03; *Vinton v. Tu Moda Spa for Beauty & Wellness, Inc.*, No. 4:16-cv-11733-DHH, 2017 U.S. Dist. LEXIS 183458, at *10 (D. Mass. Nov. 6, 2017).

Detrimental to his Complaint, Plaintiff makes no allegation that his base wage and tips for any week ever fell below the statutory minimum wage.[3] Plaintiff's Complaint merely sets forth that Plaintiff's base wage is $7.00, the federal minimum wage at the relevant times was $7.25, and the Massachusetts minimum wage at all relevant times was $11.00 or $3.75 for tipped employees. *See* Complaint at ¶¶ 23 and 24.

Rather than pleading that his compensation including tips ever fell below the minimum wage, Plaintiff attempts to show a violation of the FLSA by setting forth several conclusory allegations. For instance Plaintiff states, "[b]ecause Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers 'kicked back' to

---

[3] Additionally, Plaintiff fails to allege a violation of the federal minimum wage even without accounting for tips. Plaintiff admits that he makes $7.00 per hour, that he is paid $1.00 per delivery and regularly makes three deliveries per hour. *See* Complaint at ¶¶ 23, 25. Therefore, Plaintiff alleges that, even without taking into account his tips, he is compensated at $10.00 per hour ($7.00 + ($1.00 x 3 deliveries)). Plaintiff alleges that his net wages are decreased by at least $1.215 per hour because of vehicle expenses, therefore alleging that he was compensated approximately $8.78 an hour. *See id.* at ¶ 27. Further, Plaintiff alleges that in summer months he makes 4 or more deliveries; therefore, he was compensated at $11.00+ per hour ($7.00 + ($1.00 x 4 deliveries)). Therefore, he alleges that he was compensated approximately $9.79 per hour. Using Plaintiff's reasoning, he does not allege that he made less than the federal minimum wage at $7.25 for any given hour. This is certainly dispositive of the federal minimum wage claim and, especially after accounting for discovery relating to tips, this is highly likely to dispose of Plaintiff's state claim at summary judgment.

Defendants an amount sufficient to cause minimum wage violations." *Id.* at ¶ 30.[4] Additionally, Plaintiff states that "Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate – beneath any reasonable approximation of the expenses that drivers incur – that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during sole or all workweeks." *Id.* at ¶ 1.  Nowhere in these conclusory allegations, or in any other allegation of the Complaint, does Plaintiff allege that his own or other drivers' compensation, when accounting for base wage and tips received, ever fell below the minimum wage requirement.

In an attempt to remedy this deficiency, Plaintiff states that:

> And, tips paid to Plaintiff and Defendants' other delivery drivers do not offset their minimum wage violations. 29 C.F. R. §531.60 ("[a]ny tips received by the employee in excess of the tip credit need not be included in the regular rate. **Such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act.**" *Id.* (emphasis added)).

*Id.* at ¶ 30. However, Plaintiff still fails to allege a violation. Even assuming that this provision[5] is applicable, he states that "any tips received by the employee **in excess of the tip credit** need not be included…" *Id.* (emphasis added.) Plaintiff does not allege any facts suggesting that Defendants are not allowed to claim a tip credit, and when accounting for a tip credit the drivers are compensated at minimum wage. Considering Plaintiff's allegation that drivers perform three deliveries per hour and are reimbursed $1.00 per delivery, drivers therefore receive at least $3.00 more than the minimum wage per hour. The allegation that drivers are

---

[4] In referring to kick-backs, Plaintiff's pleading attempts to show a violation of the FLSA through the language of 29 C.F.R. § 531.35, which states that "the wage requirements of [the FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee." A kickback occurs when the cost to the employee of tools specifically required for the performance of the employee's work "cuts into the minimum or overtime wages required to be paid him under [the FLSA]." *Id.*

[5] 29 C.F.R. §531.60 addresses overtime payments. Plaintiffs have made no claims relating to overtime.

incurring costs of at least $1.215 confirms that drivers are making over the minimum wage each hour. Therefore, Plaintiff has failed to allege a violation.

Furthermore, Plaintiff has failed to plead facts to suggest that at any time Defendants were required to pay Plaintiff the "non-tipped" minimum wage; there are no allegations that during his employment he performed any job duties where he did not receive a tip that would require Defendants to pay non-tipped minimum wage.[6] Accordingly, Plaintiff's Complaint fails to allege a violation of the FLSA or the Massachusetts Minimum Wage Law and therefore, his claims must be dismissed.

### a. Plaintiff fails to allege facts demonstrating Defendants failed to reasonably approximate Plaintiff's actual expenses.

Setting aside the fact that Plaintiff's Complaint should be dismissed for failure to state a violation, Plaintiff's allegations relating to Defendants' reasonable approximation of expenses only amount to conclusory statements that stop short of a plausible claim upon which relief can be granted. First and foremost, nowhere in the Complaint does Plaintiff allege any specific, actual expenses of his own. Rather, Plaintiff sets forth conclusory allegations that Plaintiff and other drivers generally "incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses." *See* Complaint at ¶ 13. If Plaintiff does not know and cannot articulate his actual expenses (something within his exclusive control and calculation), he cannot establish that Defendants did not reasonably approximate them. Furthermore, if Plaintiff is unable to calculate his actual expenses, he cannot support that his rate ever dropped below the minimum wage.

---

[6] "Where an employee is engaged in two jobs, where one is tipped and the other is not, an employer may only utilize the "tip credit" to make up the minimum wage requirement for work performed in the tipped occupation." *Lewis v. JK & T Wings, Inc.*, 245 F. Supp. 3d 303, 306 (D. Mass. 2017); 29 C.F.R. § 531.56(e).

### b.  Plaintiff's suggested calculations do not support his conclusory allegations and fail to use the proper standards, and are, therefore, inherently flawed.

It is well established that employers are not required to provide drivers with the IRS mileage rate but rather can calculate their own reasonable approximation, which is exactly what Defendants did here. *See* 29 C.F.R. § 778.217; *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015) ("The Court has reviewed the non-binding authority cited by Plaintiffs and finds that, at most, they suggest that the IRS standard business mileage rate may be a reasonable approximation of employee vehicle expenses. These authorities do not suggest that the IRS rate is the only reasonable approximation of such expenses."); *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1154-55 (N.D. Ala. 2018) (Defendants only have to pay [Plaintiff] the minimum wage after deducting actual expenses and including reimbursements—not the IRS standard business mileage rate.)

Plaintiff admits that he and other drivers are reimbursed per delivery, *see* Complaint at ¶ 25; however, he fails to sufficiently allege that Defendants' current mileage reimbursement scheme, providing a payment per delivery, is not a reasonable approximation. Instead, Plaintiff attempts to suggest standards that are not required by law and relies on misinformed calculations.

Overall, Plaintiff alleges, through several conclusory and contradictory statements, that Defendants failed to reasonably approximate drivers' expenses. For example, Plaintiff states, "[t]he result of Defendants' companywide delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses," *id.* at ¶ 15; "Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle," *id.* at ¶ 18; and "Defendants fail to reasonably approximate the amount of

their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage." *Id.* at ¶ 20.

Additionally, Plaintiff contradicts himself on several occasions relating to reasonable approximation. First, despite the fact that the IRS reimbursement rate is constrained to mileage and not vehicle expenses, *see* 29 C.F.R. § 778.217, Plaintiff suggests in his Complaint that he should receive the mileage reimbursement rate set forth by the IRS[7] for his actual expenses. *See* Complaint at ¶¶ 14, 15, 16. Second, Plaintiff immediately contradicts this unsupported allegation by stating that "the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs… and more rapid depreciation" than provided for by the IRS mileage rate. *Id.* at ¶17.

Additionally, Plaintiff has suggested that Defendants "utilized a per-delivery reimbursement system that is statutorily impermissible", *Id.* at ¶ 31, and states that because Defendants have not strictly followed the DOL Handbook provision, they therefore failed to comply with the FLSA. *Id* at ¶¶18, 19.However, while the DOL Handbook may be persuasive, it certainly is not binding, see *Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 37 (1st Cir. 2014) and the standard for employers, as stated above and clearly articulated in 29 C.F.R. §778.217, is that employers are to reasonably approximate drivers' expenses. Plaintiff attempts to suggest that Defendants are constrained to the DOL Handbook's suggestion; however, the DOL Handbook merely sets forth one type of reasonable approximation, not the only type of reasonable approximation. *See Perrin v. Papa John's Int'l*, Inc., 114 F. Supp. 3d 707, 713 (E.D. Mo. 2015).

---

[7] Additionally, as compared to his first Complaint, Plaintiff sets forth an increased IRS business mileage rate range as $.535 and $.58. *See Id.* at ¶ 15. Plaintiff then states that the IRS business mileage rate is $.56 to $.535. *See Id.* at ¶ 26. Despite the fact that Plaintiff contradicts himself on what the IRS range actually was at the time, Plaintiff does not seem to use the increased rate range in his calculations.

Furthermore, Plaintiff's suggested calculations do not sufficiently allege a violation. Plaintiff sets forth calculations alleging that vehicle expenses "every hour on the job decreased Plaintiff's net wages by over a dollar ($.405 x 3 deliveries = $1.215)." *See id.* at ¶ 27. He also states that "the delivery drivers kicked back to Defendants an amount sufficient to cause minimum wage violations." *See id.* at ¶ 30. This reasoning certainly "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557; citation omitted). Plaintiff has failed to allege, likely because he cannot truthfully so allege, that deducting $1.215 from his wages, which include tips and delivery fees, causes his wages to fall lower than the minimum wage.

Overall, the Complaint stops short of stating a violation by suggesting that Defendants did not reasonably approximate the drivers' actual expenses.

### III.   Plaintiff Has Failed to Allege a Plausible Claim that Defendants Willfully Violated the FLSA.

Plaintiff has failed to sufficiently allege a plausible claim that Defendants willfully violated the FLSA. While it is true some courts have allowed for a more general pleading of willfulness because of the fact intensiveness of willfulness, Plaintiff has provided **little to no** evidence to support a claim of willfulness.  *See generally Gonpo v. Sonam's Stonewalls & Art LLC*, Civil Action No. 16-40138-MGM, 2018 U.S. Dist. LEXIS 60333, at *27 (D. Mass. Apr. 9, 2018) (Court found pleading sufficient in relation to willfulness where Plaintiff "alleged, among other things, that Defendants failed to keep full and accurate records of hours worked, underreported his hours on pay slips, sometimes paid wages in cash, and consistently failed to pay overtime wages."); *Landry v. Time Warner Cable, Inc.*, 2017 DNH 151 (2017) (Court stated that Plaintiff's pleading alleging willfulness survived the motion to dismiss "barely" where it alleged the defendant was a consumer reporting agency, provided Plaintiff's employer with a

consumer report that was in violation of the law, had previously provided others with reports that were in violation of the law and stated that the inference of willfulness arises from these events.)

Plaintiff's allegations relating to willful violation again fall short of stating a claim for relief. Plaintiff first alleges that "Defendants are knowledgeable of the FLSA, as evidenced by the fact that they knowingly and intentionally attempted to take advantage of the FLSA's tip credit provisions." *Id.* at 31. This allegation does not provide a basis for finding that Defendants willfully violated the FLSA, but rather alleges that Defendants are knowledgeable of the FLSA and used a tip credit, neither of which is a violation. Further, Plaintiff alleges that "Defendants utilized a per-delivery reimbursement system that is statutorily impermissible. In addition to this recklessness, Defendants' reimbursement rate provided to drivers were several multipliers below rates proscribed by industry standards, the IRS, AAA and the rates used utilized by Defendants' executives, like Carlos Ferreira." *Id.* As discussed above, these allegations are completely unsupported and conclusory. First, the allegation that Defendants utilized a per-delivery system that is statutorily impermissible is unfounded. *See* supra II (b). Moreover, the Plaintiff again attempts to rely on nonbinding industry standards, ignoring the fact that employers are able to reasonably approximate their own reimbursements.  Therefore, Plaintiff has not alleged Defendants knew that their reasonable approximation caused minimum wage violation, but in any event Plaintiff's conclusory statement could not sufficiently support an allegation that Defendants knew of an alleged violation.

## CONCLUSION

Plaintiff's abundant conclusory statements and reliance on improper legal standards fail to support his allegations. The Complaint lacks allegations that Defendants violated the FLSA or the Minimum Wage Law, and therefore, fails to state a claim against Defendants upon which

relief can be granted. Plaintiff's attempt to imply a violation by suggesting that Defendants failed

to reasonably approximate expenses, while also incorrectly asserting that the DOL Handbook

provides the only standard for employers, also falls short of demonstrating entitlement to relief.

As such, Defendants request that this Honorable Court grant their 12(b)(6) Motion to Dismiss.

Respectfully submitted,


    /s/ Eric R. LeBlanc
Eric R. LeBlanc  BBO # 666786
Lauren B. Haskins BBO #696678
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
Tel:     617.577.8800
Fax:     617. 577.8811
eleblanc@bennettandbelfort.com
lhaskins@bennettandbelfort.com

*Attorneys for Defendants, J & J & J
Pizza, Inc., D/B/A Domino's Pizza,
and Carlos Ferreira*

Dated: July 29, 2019

**CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)(1) AND L.R. 7.1(a)(2)**

I hereby certify that Defendants' counsel attempted to confer in good faith with counsel for Plaintiffs by email on July 26, 2019 to narrow the issues raised herein. However, Defendants' counsel did not receive a response prior to filing this Memorandum in support of the Motion to Dismiss.

　/s/ Eric R. LeBlanc

Eric R. LeBlanc

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 29th day of July 2019.

　/s/ Eric R. LeBlanc

Eric R. LeBlanc