UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL ORTH, individually and on behalf of similarly situated persons,<br><br>        Plaintiff,<br><br>        v.<br><br>J & J & J PIZZA, INC. d/b/a DOMINO'S PIZZA and CARLOS FERREIRA,<br><br>        Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 19-cv-10709-ADB<br>*<br>*<br>*<br>*<br>* |

## **MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

BURROUGHS, D.J.

Lead Plaintiff Michael Orth ("Plaintiff") is a former delivery driver at Domino's Pizza stores located in Fall River, Massachusetts. [ECF No. 9 ¶ 7 ("Am. Compl.")]. Plaintiff brings this suit against Defendants J & J & J Pizza, Inc. d/b/a Domino's Pizza ("Domino's") and Carlos Ferreira ("Ferreira") (collectively, "Defendants"), as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the Massachusetts Minimum Fair Wage Act ("Wage Act"), Mass. Gen. Laws ch. 151, *et seq.*, to recover unpaid wages. [Id. ¶ 2]. Currently pending before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 12]. For the reasons set forth below, Defendants' motion to dismiss, [ECF No. 12], is <u>DENIED</u>.

## I.    BACKGROUND

### A.    Factual Background

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion. See Ruvio v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

Defendants own and operate multiple Domino's Pizza franchise stores located in Fall River and Taunton, Massachusetts. [Am. Compl. ¶ 8]. Ferreira owned a substantial interest in Domino's and was an officer with managerial responsibilities. [Id. ¶ 6]. In connection with these roles, Ferreira "put the pay scheme at issue in place, [and oversaw] and enforced Defendants' pay practices." [Id. ¶ 10].

Defendants employed Plaintiff as a delivery driver from approximately June 2017 to March 2018. [Am. Compl. ¶ 7]. Rather than providing delivery drivers with vehicles, Defendants required drivers to maintain safe, legally operable, and insured automobiles at their own expense. [Id. ¶ 12]. Drivers consequently incurred costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and any additional expenses. [Id. ¶ 13]. Defendants paid Plaintiff and other drivers a wage of $7.00 per hour while making deliveries. [Id. ¶ 23]. In addition to this hourly wage, Defendants paid Plaintiff and other drivers $1.00 per delivery as reimbursement for their vehicle expenses. [Id. ¶¶ 14, 25]. Plaintiff drove an average of eight to ten miles per delivery, [id. ¶ 25], resulting in Defendants having reimbursed Plaintiff between $0.13 and $0.10 per mile, [id.]. While working for Defendants, Plaintiff made three or more deliveries per hour except for the summer of 2017, when he made four or more deliveries per hour. [Id. ¶ 27].

During the relevant time period, the federal minimum wage was $7.25 per hour, or $2.13 for tipped employees, and the Massachusetts minimum wage was $11.00 per hour, or $3.75 for tipped employees. [Am. Compl. ¶ 24]. Also during the relevant time period, the IRS's standard business mileage reimbursement rate was between $0.535 and $0.58 per mile. [Id. ¶ 16]. This rate is calculated to reflect the average cost of owning and operating a vehicle for the average driver. [Id. ¶ 16]. In 2018, the American Automobile Association's ("AAA") estimate of these

2

costs was between $0.51 and $0.75 per mile, depending on the mileage driven. [Id. ¶ 16]. Due to the nature and conditions of delivery driving (frequent starting and stopping of the engine, frequent braking, short routes, and driving under time pressure), the cost of owning and operating a vehicle used for deliveries is generally higher than average. [Id. ¶ 17].

Using the IRS's lower-end mileage rate of $0.535 per mile and subtracting Defendants' highest possible per-mile reimbursement rate for Plaintiff's deliveries, $0.013, Plaintiff alleges that every mile he drove decreased his net wages by at least $0.405 per mile. [Am. Compl. ¶ 26]. With an average of three deliveries per hour, Plaintiff maintains that every hour on the job decreased his net wages by $1.215 ($0.405 multiplied by three deliveries). [Id. ¶ 27]. These unreimbursed vehicle expenses allegedly decreased the amount Defendants paid Plaintiff and other drivers, resulting in an hourly wage that fell below the mandatory minimum wage under both state and federal law. [Id. ¶¶ 30, 53, 65].

### B.   Procedural Background

Plaintiff filed his complaint on April 12, 2019. [ECF No. 1]. On July 3, 2019, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 7]. On July 16, 2019, Plaintiff filed an amended complaint, [Am. Compl.], and on July 17, 2019, the Court denied Defendants' motion to dismiss as moot, [ECF No. 10]. Defendants then filed a renewed motion to dismiss on July 29, 2019, [ECF No. 12], and Plaintiff opposed on August 12, 2019, [ECF No. 14].

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Standard

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to

the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).  While detailed factual allegations are not required, the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Felicano de Melecio, 406 F. 3d 1, 6 (1st Cir. 2005)).  The facts alleged must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679).  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)).  "The plausibility standard invites a two-step pavane." A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45).  First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Second, the Court "must determine whether the remaining factual content allows a 'reasonable

inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224).

### B. FLSA and Minimum Wage Requirements

The FLSA requires employers to pay covered employees "a minimum hourly wage that is currently set at $7.25 per hour." Capron v. Office of the AG of Mass., 944 F.3d 9, 17 (1st Cir. 2019) (citing 29 U.S.C. § 206(a)), petition for cert. filed, (U.S. Feb. 14, 2020) (No. 19-1031); see also Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012) (citing 29 U.S.C. § 206(a)). In order to state a valid claim under the FLSA, a plaintiff must allege "(1) that they were employed by [the employer]; (2) that their work involved interstate activity; and (3) that they performed work for which they were under-compensated." Pruell, 678 F.3d at 12 (citing 29 U.S.C. §§ 206(a), 207(a)(1)).

## III. DISCUSSION

Defendants do not dispute that they employed Plaintiff or that they are engaged in interstate activity. See [ECF No. 13 at 4–5]. Instead, Defendants focus their challenge on the third element of Plaintiff's FLSA claim: whether Plaintiff performed work for which he was under-compensated. [Id. at 5].

### A. Reasonable Approximation of Vehicle Expenses

#### 1. Plaintiff's Estimated Expenses

Defendants argue that Plaintiff's failure to state his own actual vehicle expenses is fatal to his claims. [ECF No. 13 at 7 ("[I]f Plaintiff is unable to calculate his actual expenses, he cannot support that his rate ever dropped below the minimum wage.")]. Although Plaintiff did not allege his actual vehicle expenses, he is not required to provide the exact amount of his actual expenses at this stage. "Nothing in the FLSA or regulations requires proof of actual expenses; in

fact, the regulations suggest the opposite by their allowance for employers to pay employees a 'reasonable estimate' of the employee's expenses to avoid FLSA liability." Benton v. Deli Mgmt., 396 F. Supp. 3d 1261, 1275 (N.D. Ga. 2019) (citing 29 C.F.R. § 778.217(c)).

For example, in Darrow v. WKRP Management LLC, a case involving similar claims made by a Pizza Hut delivery driver, the court found that "[t]he fact that Plaintiff's estimate [was] consistent with IRS and AAA figures, combined with Plaintiff's assertion that delivery drivers likely incur greater than average vehicle-related expenses, is sufficient for the Court to infer that the estimate is a reasonable approximation of the actual figure." No. 09-cv-01613, 2011 U.S. Dist. LEXIS 59388, at *12 (D. Colo. June 3, 2011) (denying motion to dismiss). Other courts have frequently allowed FLSA claims to proceed even where plaintiffs' actual vehicle expenses were not included in the complaints. See e.g., Cornish v. Deli Mgmt., Inc., No. 16-cv-672, 2016 U.S. Dist. LEXIS 141209, at *13–15 (denying motion to dismiss and finding that plaintiff had sufficiently pled her FLSA claims through estimates of her vehicle costs); Perrin v. Papa John's Int'l, Inc., 818 F. Supp. 2d 1146, 1149–50 (E.D. Mo. 2011) (same); Wass v. NPC Int'l, Inc., No. 09-cv-2254, 2010 WL 7762621, *3 (D. Kan. Sept. 1, 2010) ("It is not implausible to suggest that drivers may be able to estimate their expenses without knowing their actual expenses incurred.").

2. Defendants' Reasonable Approximation

Defendants next argue that they are entitled to estimate vehicle expenses using their own reasonable approximation, rather than having to rely on the IRS mileage rate, and that the $1.00 per delivery fee paid to Plaintiff and other drivers was reasonable. [ECF No. 13 at 8]. Plaintiff cites Department of Labor ("DOL") guidance and case law to establish that, where an employer

does not keep a record of delivery drivers' actual expenses, the IRS rate should be used. [ECF No. 14 at 3–4].

The First Circuit treats the DOL's Wage and Hour Division's Field Operations Handbook ("Handbook") as persuasive authority. Newman v. Advanced Tech. Innovation Corp., 749 F.3d 33, 37 (1st Cir. 2014). The Handbook specifically notes that vehicle expenses and minimum wage compliance "are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants." Department of Labor, Field Operations Handbook, 30c15 (2000). "As an enforcement policy, the IRS standard business mileage rate . . . may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes." Id. at 30c15(a). Courts have regularly found that, consistent with the Handbook, an employer must provide reimbursement at the IRS rate when they do not keep records of employees' actual vehicle expenses. See Burton v. DRAS Partners, LLC, No. 19-cv-02949, 2019 U.S. Dist. LEXIS 185697, at *8 (N.D. Ill. Oct. 27, 2019) (collecting cases).[1]

Plaintiff's allegation that Defendants paid him only $0.13 per mile for his expenses ($1.00 per delivery divided by eight miles average delivery distance), rather than the IRS rate of $0.535, supports a plausible claim that Defendants did not provide a reasonable approximation of his expenses. See [Am. Compl. ¶ 25]. While the Handbook may not be binding authority, at the motion to dismiss stage it supports the plausibility of Plaintiff's claim. See Maddox, 732 F.3d at 80.

---

[1] Other courts have found that there is no single method required to determine a reasonable approximation of vehicle expenses where actual expenses are not tracked and leave it to the jury to determine whether the defendant's reimbursement rate reasonably approximated the plaintiff's expenses. See, e.g., Perrin v. Papa John's Int'l, Inc., 114 F. Supp. 3d 707, 721–22 (E.D. Mo. 2015).

### B.     Calculation of Wages

Defendants assert that, "[a] week [i]s the unit of time that should be used in calculating whether an employee receives the minimum wage." [ECF No. 13 at 4].[2]  Although Plaintiff has not provided an estimate of the total hours that he worked in a given week or the tips he received per week, his allegations indicate that Defendants did not provide him any additional compensation beyond his hourly wages and an additional $1.00 per delivery, nor do Defendants suggest they did so.  See [Am. Compl.; ECF Nos. 13, 14].  Drawing all reasonable inferences in favor of the Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to allow a reasonable inference that Defendants paid him less than minimum wage per hour by undercompensating him for his vehicle expenses, and that this deficiency was not offset by additional compensation so as to overcome the deficiency even if calculated over the course of a week.  See U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  Discovery may either prove or disprove this inference.

### C.     FLSA and Tipped Employees

Defendants state that Plaintiff has failed to allege "that his base pay **and** tips did not meet or exceed the statutory minimum wage for a pay period." [ECF No. 13 at 5].  Plaintiff has not pled any facts regarding the amount of tips he earned per hour, delivery, or week.  See [Am.

---

[2] Defendants attribute this quotation to § 206(a) of the FLSA.  [ECF No. 13 at 4].  Neither this language, nor its substance, appears in the FLSA.  See 29 U.S.C. § 201, et seq.; Norceide v. Cambridge Health Alliance, 814 F. Supp. 2d 17, 23 (D. Mass. 2011) (noting that the FLSA is silent on the method of calculation that should be used to determine whether an employee has been paid the minimum hourly wage).  The proposition that a workweek is the proper unit for calculating minimum wage compliance originated in the Second Circuit's United States v. Klinghoffer Bros. Realty Corp. and is now referred to as the "Klinghoffer rule."  Norceide, 814 F. Supp. 2d at 22 (citing United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487 (2d Cir. 1960)) (discussing the origin of the "weekly average" measure).  The Court declines to adopt a particular method of calculation at the motion to dismiss stage.

Compl.]. Plaintiff, however, claims that Defendants are relying on a tip credit, which they are allegedly not entitled to use due to their failure to comply with the FLSA's requirements for tipped employees. [ECF No. 14 at 6]. In addition, Plaintiff states that the tip credit is an affirmative defense for which Defendants bear the burden of proof. [Id. at 5 (citing Brown v. United Airlines, Inc., 720 F.3d 60 (1st Cir. 2013))].

The FLSA provides an exception—a "tip credit"—to the minimum wage requirement, which allows "an employer [to] pay a tipped employee a cash wage as low as $2.13 per hour and count the tips received to make up the difference between the hourly wage paid and the prevailing hourly minimum wage rate." Perez v. Lorraine Enters., 769 F.3d 23, 27 (1st Cir. 2014) (citing 29 U.S.C. § 203(m)).[3] In order to be eligible for the exception, employees must be "tipped employees" as defined by statute. Perez, 769 F.3d at 27. Under the FLSA, a tipped employee is one who is "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). In Massachusetts, a tipped employee must receive more than $20 per month in tips. See Mass. Gen. Laws ch. 151, §7; 455 Mass. Code. Regs. § 2.02(2).

In addition to the requirement of a minimum monthly tip amount, the tip credit "is wholly inapplicable (1) if the employer fails to inform the employee that the company intended to use

---

[3] "The [Wage Act] provides a tip-credit provision that parallels the FLSA." Roy v. JK & T Wings, Inc., 245 F. Supp. 3d 303, 307–08 (D. Mass. 2017) (citing Mass. Gen. Laws ch. 151). "[W]hile Massachusetts appellate courts have yet to address the issue, this court has no reason to assume that the Massachusetts tip-credit provision would be interpreted any differently than its federal equivalent, as Massachusetts courts have indicated that at least some aspects of the [Wage Act] were 'intended to be essentially identical to the FLSA,' and that 'in interpreting the State law, [the court] look[s] to how the FLSA has been construed.'" Id. at 308 (quoting Vitali v. Reit Mgmt. & Research, LLC, 36 N.E.3d 64, 69 (Mass. 2015)).

the tip credit in calculating the employee's minimum wage; or (2) in the event that the employee does not retain all of the tips that he or she received . . . ." Mitchell v. U.S. Airways, Inc., 858 F. Supp. 2d 137, 160 (D. Mass. 2012) (citing Chung v. New Silver Palace Rest., Inc., 246 F. Supp. 3d 220, 229 (S.D.N.Y. 2002)), aff'd sub nom. Brown, 720 F.3d 60. "[I]t is the employer's burden to show that it has satisfied all the requirements for tip-credit eligibility." Perez, 769 F.3d at 27; see also Mitchell, 858 F. Supp. 2d at 160 ("[203(m)] makes clear the intent of Congress to place on the employer the burden of proving . . . the amount of tip credit, if any, which the employer may claim . . . ." (quoting Driver v. AppleIllinois, LLC, 265 F.R.D. 293, 298 (N.D. Ill. 2010))).

Plaintiff's claims appear to be modeled after those in similar delivery cases, such as Rechtoris v. Dough Management, No. 18-cv-708, 2019 U.S. Dist. LEXIS 59617 (N.D. Ind. Apr. 5, 2019). In that case, the court denied a motion to dismiss where the plaintiff, also a delivery driver for a Domino's Pizza franchise, challenged the defendants' attempts to "rely on actual tips to cover any reduction of the total hourly wage due to an insufficient auto expenses reimbursement," which was "in effect a retroactive increase in the amount of the tip credit, which employers are not allowed to do." Id. at *6–7; see also Meetz v. Wis. Hosp. Grp. LLC, No. 16-cv-1313, 2017 U.S. Dist. LEXIS 138380, at *14–15 (E.D. Wis. Aug. 29, 2017) ("Defendants may not rely on [plaintiff's] tips in excess of the tip credit to offset any deficiencies in his receipt of the federal minimum wage arising from under-reimbursement of his vehicle expenses as a result of Defendants' alleged unreasonable approximation of his actual expenses."). Multiple courts have rejected similar attempts to retroactively increase a tip credit to offset an under-reimbursement of vehicle expenses. See, e.g., Sullivan v. PJ United, Inc., 362 F. Supp. 3d 1139, 1170 (N.D. Ala. 2018) ("Employers cannot be allowed to retroactively

increase or decrease the tip credit amount that counts towards their minimum wage compliance."); Perrin, 114 F. Supp. 3d at 729 ("Nothing in the DOL guidance documents, regulations, or the FLSA permits Defendants to claim a higher tip credit retroactively, in order to gain the benefit of an offset, without having notified Plaintiffs of the higher tip credit . . . .").

Plaintiff has plausibly alleged that Defendants cannot rely on the tip credit to overcome alleged minimum wage deficiencies. See Twombly, 550 U.S. at 570.

### D. Willfulness Under the FLSA

Defendants state that Plaintiff has not sufficiently alleged that they willfully violated the FLSA because they used a reimbursement rate that Plaintiff alleges was "statutorily impermissible." [ECF No. 13 at 10–11]. Plaintiff contends that his allegations are similar to allegations of record-keeping violations (e.g., failure to track employees' vehicle expenses) which courts regularly allow to proceed past the motion to dismiss stage. [ECF No. 14 at 9–10].

An employer's willful violation of the FLSA can be found when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Chao v. Hotel Oasis, Inc., 493 F.3d 26, 35 (1st Cir. 2007) (citing McLaughlin). "[I]t is the employer's burden to show good faith and objective reasonableness, and therefore the [plaintiff's] alleged failure to offer evidence of willfulness is not an impediment to the court's decision" to award damages based on a finding of willfulness. Chao, 493 F.3d at 36 (affirming judgment against defendants). As a result, Plaintiff's allegations are sufficient to support a claim of a willful violation of the FLSA at this stage. See id.; see also Gonpo v. Sonam's Stonewalls & Art LLC, No. 16-cv-40138, 2018 U.S. Dist. LEXIS 60333, at *27 (D. Mass. Apr. 9, 2018) ("[Plaintiff] has alleged, among other things, that Defendants failed to keep full and accurate records of hours worked, underreported

11

his hours on pay slips, sometimes paid wages in cash, and consistently failed to pay overtime wages. These allegations alone are enough to allow for reasonable inferences of willfulness."); Landry v. Time Warner Cable, Inc., No. 16-cv-507, 2017 U.S. Dist. LEXIS 125786, at *9–10 (D.N.H. Aug. 9, 2017) ("Whether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss." (quoting Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012))).

## IV.  CONCLUSION

Accepting as true all well-pleaded facts, analyzing those facts in the light most favorable to the Plaintiff's theory, and drawing all reasonable inferences from those facts in favor of Plaintiff, the Court finds that Plaintiff has alleged a plausible claim to relief. See Gilbert, 915 F.3d at 80. Accordingly, Defendants' motion to dismiss, [ECF No. 12], is DENIED.

**SO ORDERED.**

March 25, 2020                                                          /s/ Allison D. Burroughs
                                                                        ALLISON D. BURROUGHS
                                                                        U.S. DISTRICT JUDGE